**In re GERBER PROBIOTIC SALES PRACTICES LITIGATION.**

**Civil Action No. 12–cv–835 (JLL)(CLW).**

United States District Court,
D. New Jersey.

Signed April 9, 2015.

James E. Cecchi, Carella Byrne Cecchi Olstein Brody & Agnello, P.C., Roseland, NJ, Richard Daniel Devita, Devita & Associates, Hoboken, NJ, for Plaintiff.

Scott A. Ohnegian, Riker, Danzig, Scherer, Hyland & Perretti, LLP, Morristown, NJ, for Defendant.

## ORDER

WALDOR, United States Magistrate Judge.

This matter comes before the Court by way of defendant, Gerber Products Company's (hereafter "Defendant" or "Gerber") motion to compel discovery of the medical records for the children of Plaintiffs, for whom the challenged products were purchased. After hearing oral argument, reviewing the subject records *in camera,* and considering the submissions of the parties in support and in opposition to the instant motion, Defendant's motion to compel discovery of plaintiff's children's medical records is hereby **GRANTED.**

### I. *Background and Procedural History*

This is a proposed consumer-protection class action addressing immune system-related representations made by Gerber on packaging and labeling, and through its marketing and advertising campaigns, for its infant and children formula and cereal products containing "probiotic" bacteria (the "Products"). Plaintiffs maintain that Defendant has made "false and misleading statements" in its advertising of certain formula and cereal products. *See* Fifth Amended Complaint at ¶ 5, ECF No. 107. Plaintiffs challenge Gerber's marketing of the Products as alleging that as the result of the infusion of probiotic bacteria, the Products provide significant immune system benefits. *Id.* at ¶ 4. In addition, Plaintiffs claim that scientific

studies demonstrate that "probiotic supplementation in infant formula does not support infant immunity or provide the advertised health benefits." *Id.* at ¶ 8.

Disputed here is Gerber's request for the Plaintiffs to produce the medical records for the children to whom plaintiffs provided the Products. Defendant's Motion to Compel, ECF No. 1001. More specifically, Gerber requests the production of:

> [a]ll medical records or other documents related to the digestive system, immune system, infections, diarrhea, stool consistency, colic, regurgitation, restlessness, vomiting, or other relate health issues for any individual to whom you provided the challenged products and on whose behalf you filed this action. *Id.* at 1.

The Plaintiffs initial objection to this request declared this discovery request as "overly broad, not reasonably calculated to lead to the discovery of admissible evidence, is [sic] a violation of Plaintiffs' and their families' right to privacy, and the information sought is subject to physician-patient privilege." *Id.*

Gerber now moves to compel to assist in its defense of this action, and argues that disclosure of the infants' medical records are relevant to class-certification issues. Gerber asserts that the medical records are not privileged because Plaintiffs have put the issue of their infants' medical history in play.

Plaintiffs argue that the medical records are not in issue, or relevant and are privileged. *See* Plaintiffs' Brief in Opposition, ECF No. 104. Plaintiffs assert that scientific studies and expert testimony submitted to the triers of fact will be dispositive of the issue of veracity of the advertised benefits of the product. Finally, Plaintiffs argue that they suffered the harm by purchase of the Products and not their children. Plaintiffs allege that in relying on Gerber's marketing and advertisements as to the Products' health benefits, they paid a monetary premium for the Products and as a result they lost money thereby suffered injury in fact. *Id.* at 1–2.

This Court heard oral argument on January 30, 2015 and ordered that the infants' medical records be supplied to the court for *in camera* review. The medical records were produced in full in April 2015.

## II. *Analysis*

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Therefore, in order to be authorized, the discovery matter at issue must be both (1) relevant and (2) nonprivileged to be authorized. To be relevant, the information sought must at least be "reasonably calculated" to lead to admissible evidence." Fed.R.Civ.P. 26(b)(1).

■ The purpose of discovery is to uncover facts about the claims and defenses set forth in the pleadings and thus the boundaries of relevance under Rule 26 depend upon the context of each action. *See Salamone v. Carter's Retail, Inc.*, Civ. No. 09–5856, 2011 WL 1458063, at *2 (D.N.J. Apr. 14, 2011) (Brown, C.J.), *accord Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The determination of relevance is within the court's discretion. *Salamone*, 2011 WL 1458063, at *2. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman*, 329 U.S. at 507, 67 S.Ct. 385. It allows each party to have a fair opportunity to present an effective case at trial. *Halpin v. Barnegat Bay Dredging Co.*, 2011 WL 2559678, at *10 (D.N.J. Jun. 27, 2011). Accordingly, courts construe Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978).

Plaintiff's assertion that they have not waived the privilege, relying on the 3 factor test cited in *Cavallaro v. Jamco Prop. Mgmt.*, 334 N.J.Super. 557, 564, 760 A.2d 353 (App.Div.2000) is without merit.

■ As to the first prong, there is a legitimate need for medical records as there is no other source that could test the actual effectiveness of the products that claim to pro-

duce immune system health. Proof in the form of scientific studies and expert testimony may not be sufficient, actual facts or the lack thereof may be essential to either party in proof presentation to the trier of fact. Under these circumstances, this Court will not close that door by pre-empting use of information that could lead to admissible evidence. The medical records are legitimately necessary.

Regarding the relevance prong, the Court finds that the medical records are relevant as to the actual effectiveness of the Products, as well as to disclose any other conditions that may alter the potential effectiveness of the Products.

Finally, there is currently no other source for accurate objective medical information. Deposition of named plaintiffs is prone to subjective and selective recollection. The third-party infants are not able to be deposed.

### III. *Conclusion*

For the reasons set forth above, the Court finds that the medical records of the named Plaintiffs' infants are relevant, and are not subject to privilege for purposes of discovery in this case. Defendant's Motion to Compel is hereby **GRANTED.**

The Clerk of the Court is directed to terminate Docket No. 100.

**SO ORDERED.**